MEMORANDUM ** Petitioner Aiying Zhao, a 59-year-old female, native and citizen of the People’s Republic of China, petitions for review of the Board of Immigration Appeals’ (BIA) order dismissing her appeal from an immigration judge’s decision denying her application for withholding of removal under 8 U.S.C. § 1231(b)(3). We have jurisdiction under 8 U.S.C. § 1252, and we affirm. We conclude substantial evidence supports the administrative factual findings, including the adverse credibility findings, of the Immigration Judge (IJ). 8 U.S.C. § 1252(b)(4)(B); Melkonian v. Ashcroft, 320 F.3d 1061, 1065 (9th Cir. 2003). The IJ properly considered the “totality of the circumstances” standard governing adverse credibility determinations under the REAL ID Act. Shrestha v. Holder, 590 F.3d 1034, 1040 (9th Cir. 2010); 8 U.S.C. §§ 1158(b)(1)(B)(iii) (asylum); 1231(b)(3)(C) (adopting the standard in 8 U.S.C. § 1158(b)(1)(B) for withholding of removal). The IJ’s reasons for the adverse credibility determination are specific, cogent and supported by the evidence, including consideration of candor, plausibility, consistency and fabrication. Zhao fails to show evidence in the record which compels a contrary result. Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003) (citing Garrovillas v. INS, 156 F.3d 1010, 1015-16 (9th Cir. 1998)). We reject Zhao’s argument that the IJ erred in the weight given to an earlier frivolous asylum application and a fabricated “Home Letter” purportedly written by Zhao’s daughter. Zhao’s willingness to engage in, enable or perpetuate material falsehoods before the very tribunal charged with adjudicating requests for asylum and related relief goes to the heart of her credibility. We find no error by the IJ in considering this as a principle reason to find Zhao not credible. We also reject Zhao’s argument that she was confused by the line of questions about her ability to conceive, and the IJ erred in considering this testimony to be evasive, internally inconsistent and implausible. The initial question about whether Zhao could become pregnant was a clear question and the IJ did not err in considering Zhao’s response evasive and eventually inconsistent. We further reject Zhao’s argument that the IJ erred in considering her continued presence in China as a factor detracting from her credibility, in that she adequately explained her need to remain in China to care for her daughter. Finally, we reject Zhao’s argument that the IJ erred in giving her abortion certificate diminished weight, in that it is unreasonable to expect a repressive government to provide evidence of its own persecution by way of attesting that the abortion was forced. Considering Zhao previously submitted the “Home Letter”, which she later said was false, the IJ committed no error. It appears that both the IJ and BIA improperly determined Zhao failed to prove future prosecution. The IJ found Zhao’s testimony conflicted with her claim that she would face future persecution when she returned to China, and denied her petition in part because she failed to demonstrate the same. In Tang v. Gonzales, 489 F.3d 987, 992 (9th Cir. 2007), we extended Qu v. Gonzales, 399 F.3d 1195 (9th Cir. 2005), to victims of forced abortion, holding that they must be granted withholding of removal on the same terms as victims of forced sterilization. In Qu, we held that victims of forced sterilization need not show future persecution; they are entitled to withholding of removal as a matter of law. Qu, 399 F.3d at 1203. However, this error is harmless because the IJ properly found Zhao failed to prove she was subject to a forced abortion. In sum, the BIA’s conclusion that the IJ properly denied Zhao withholding of removal is supported by substantial evidence. The adverse credibility determination by the IJ relied on specifically-identified factors explicitly permitted by the REAL ID Act. Based on the totality of circumstances, it was a reasonable adverse credibility determination, grounded in the record. Absent Zhao’s discredited testimony, combined with the diminished weight given to Zhao’s corroborating evidence, there is no objective evidence that Zhao was forced to abort a pregnancy. PETITION FOR REVIEW DENIED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.